953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommie Kevin MUCHMORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-35515.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Jan. 31, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommie Kevin Muchmore, a federal prisoner, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2255 motion. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 In June 1986, Muchmore pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C.App. § 1202(a)(1), and was sentenced to a fifteen-year term of imprisonment. The predicate offenses for this charge were four prior burglary convictions under California Penal Code § 459.
 
 
 4
 Muchmore concedes that he has four previous burglary convictions under Cal.Penal Code § 459, but he contends that these convictions cannot be the predicate offenses for a conviction under 18 U.S.C.App. § 1202(a)(1) because they do not constitute "violent felonies." This argument fails because a conviction under section 1202(a)(1) required only that the defendant have three previous convictions for robbery or burglary. 18 U.S.C.A.App. § 1202(a)(1) (West 1985).[1] The statutory language requiring that the three previous convictions must be for violent felonies was added to 18 U.S.C. § 924(e) as of October 27, 1986 and hence does not apply to Muchmore. Moreover, this court has held that burglary convictions under Cal.Penal Code § 459 are valid predicate offenses under 18 U.S.C. § 924(e). United States v. O'Neal, 937 F.2d 1369, 1372-74 (9th Cir.1991). Finally, because his burglary convictions are valid predicate offenses under section 1202(a)(1), Muchmore's claim that his attorney rendered ineffective assistance by allowing him to plead guilty also lacks merit.
 
 
 5
 Accordingly, the district court properly dismissed Muchmore's section 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C.App. § 1202(a)(1) has been repealed, effective 180 days after May 19, 1986. Parts of former section 1202(a)(1) have been incorporated in current section 18 U.S.C. § 924(e)