81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommie Kevin MUCHMORE, Defendant-Appellant.
 No. 95-35221.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided March 26, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We need not consider whether Muchmore is making an impermissible successive petition because the government failed to plead abuse of the writ below. See CR 50; Rules Governing Section 2255 Proceedings for the United States District Courts, R. 9. Our previous disposition, Muchmore v. United States, No. 91-35515, 1992 WL 16754 (9th Cir. Jan. 31, 1992), didn't address the issue now on appeal: Whether Muchmore's California burglary convictions met the federal definition of burglary under former 18 U.S.C. app. § 1202(c)(9) (West 1985). They didn't. Section 1202(c)(9) requires "entering ... surreptitiously." California's burglary statute and Muchmore's indictments "define[ ] 'burglary' so broadly as to include shoplifting," Taylor v. United States, 495 U.S. 575, 591 (1990); they certainly do not require surreptitious entry. Under the categorical approach of United States v. Sherbondy, 865 F.2d 996, 1007 (9th Cir.1988), and United States v. O'Neal, 937 F.2d 1369, 1373 (9th Cir.1991), Muchmore's sentence enhancement was, thus, improper and the district court erred in refusing to grant his 2255 petition. We therefore REVERSE the district court's judgment and remand with instructions that it vacate and correct Muchmore's sentence.
 
 
 3
 Muchmore was sentenced in 1986, ER at 5, for a crime whose maximum penalty, without enhancement, was two years. See 18 U.S.C. app. § 1202(a)(1) (West 1985). Because he has clearly been incarcerated for a period exceeding the maximum sentence, we ORDER HIM RELEASED FORTHWITH, see United States v. Enriquez-Munoz, 906 F.2d 1356, 1358 (9th Cir.1990), and REMAND for resentencing.
 
 FERNANDEZ, Circuit Judge, dissenting:
 
 4
 Because I am of the opinion that the word "surreptitiously" in former 18 U.S.C. app. § 1202(c)(9) (West 1985) modifies "remaining" and not "entering," I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3