953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Leandro MONTALVO, Defendant-Appellant.
 No. 91-55349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Jan. 31, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Leandro Montalvo, a federal prisoner, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2255 motion. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 In 1976, Montalvo pleaded guilty to one count of a three-count indictment which charged him with conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and he was sentenced to five years of probation. In March 1989, Montalvo filed this section 2255 motion. He alleged that his plea was invalid because counts two and three of the indictment were constitutionally defective.
 
 
 4
 The district court properly dismissed Montalvo's section 2255 motion because Montalvo was not in custody on the conspiracy charge when he filed the motion. See Maleng v. Cook, 109 S.Ct. 1923, 1926 (1989). Montalvo's argument that Maleng applies only to state prisoners who file 28 U.S.C. § 2254 petitions is meritless; section 2255 also requires that the movant must be a "prisoner in custody under sentence of a court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...." 28 U.S.C. § 2255 (emphasis added); see also Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987) (relief under section 2255 is not available to a defendant who has served his sentence).
 
 
 5
 Montalvo's argument that the district court erred by not construing his section 2255 motion as a request for a writ of coram nobis also fails. First, Montalvo lacks standing to challenge counts two and three of the indictment because he was not named in these counts, and thus he was not convicted of these counts. See Allen v. Wright, 468 U.S. 737, 751 (1984). Moreover, Montalvo's claims that (1) a conviction for conspiracy under 21 U.S.C. § 846 does not constitute a substantive offense, and (2) the indictment did not give him adequate notice of the charge against him are wholly without merit. See, e.g., United States v. Thomas, 887 F.2d 1341, 1345 (9th Cir.1989). Thus, Montalvo's motion presented no grounds for coram nobis relief.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3