981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve V. ARBIZO, Defendant-Appellant.
 No. 91-16404.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Dec. 16, 1992.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve V. Arbizo, a federal prisoner, appeals from the district court's denial of his motion under 28 U.S.C. § 2255 seeking relief from his conviction for possession of marijuana with intent to distribute on the ground that one of the court's instructions to the jury was improper.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 On January 29, 1989, at approximately 2:00 a.m., U.S. Border Patrol Agents Eric Odden and Richard Chamblain observed two cars driving in tandem on Highway 83 in southern Arizona. The cars, each equipped with a CB antenna, turned off the highway together onto a frontage road. Odden saw the first car turn into a steakhouse parking lot while the second one continued along the road. Based upon his knowledge of drug smugglers' tactics, Odden thought the second car to be a decoy vehicle. The agents therefore pursued the first car after it left the steakhouse. This car was driven by appellant. After several miles, finally heeding the flashing lights and siren behind him, Arbizo pulled over.
 
 
 4
 Arbizo identified himself to the agents and volunteered that the car belonged to his girlfriend. After consenting to allow Agent Chamblain to look inside the trunk, Arbizo got out of the car and, his hands shaking, attempted to open the trunk with the ignition key. That key, which Arbizo claimed was the only one he had, did not work. A third agent who arrived on the scene then noticed a bale of marijuana in the back seat.
 
 
 5
 Arbizo was arrested. When he was searched at the station, agents found the key to the trunk in Arbizo's left front pants pocket. An inspection of the trunk revealed seven additional bales of marijuana.
 
 
 6
 At trial, Arbizo testified that he had not been aware of the marijuana in the car. During cross-examination, however, Arbizo seemed to concede that he had lied to a DEA agent who had interviewed him the morning after his arrest regarding the time he had left a bar in Mexico on January 28. He was found guilty of the crime of possession with intent to distribute 50 kilograms or more but less than 100 kilograms of marijuana.
 
 
 7
 On direct appeal to the Ninth Circuit, Arbizo challenged his conviction on several grounds, including that the court erred in giving the following instruction to the jury, to which Arbizo had objected at trial:
 
 
 8
 You may infer that the defendant knowingly possessed and distributed a controlled substance from the fact that the defendant possessed a large quantity of the substance. Whether or not you draw such an inference is entirely up to you.
 
 
 9
 (Reporter's Transcript ("R.T.") at 125.) In an unpublished memorandum disposition, this court found that the challenged instruction properly reflected Ninth Circuit law and affirmed the conviction. United States v. Arbizo, No. 89-10635, 1991 WL 33102, 1991 U.S.App.LEXIS 4170 (9th Cir. Mar. 12, 1991).
 
 
 10
 On the same day Arbizo's appeal was decided, a panel of this court issued its opinion in United States v. Rubio-Villareal, 927 F.2d 1495 (9th Cir.), rehearing en banc granted, 943 F.2d 1161 (9th Cir.1991), vacated in part, opinion replaced in part, and remanded, 967 F.2d 294 (9th Cir.1992), which invalidated a jury instruction given by the trial court concerning the defendant's knowledge of the contraband in the vehicle he was driving.[1] Arbizo petitioned the district court for relief under 28 U.S.C. § 2255, contending that he was entitled to a new trial under Rubio-Villareal. The district court denied his petition.
 
 DISCUSSION
 
 11
 We review the district court's denial of Arbizo's section 2255 petition de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Collateral relief under section 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' or " 'present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).
 
 
 12
 The instruction at issue in Rubio-Villareal is not identical to the one given in this case, although both instructions permit the jury to draw an inference regarding defendant's knowledge of the contraband from the existence of another fact or facts.[2] The en banc opinion in Rubio-Villareal, which came down after the parties' briefs were filed in this appeal, upheld the panel's finding that the permissive inference instruction in that case was defective on the ground that it had interfered with the jury's duty to weigh all of the evidence. 967 F.2d at 299-300. The en banc court remanded to the panel for consideration of whether the error was harmless. Id. at 300.
 
 
 13
 We need not decide whether Rubio-Villareal represents controlling new precedent that must be applied retroactively to Arbizo's case because, unlike in Rubio-Villareal, we find that any instructional error was harmless in light of the very substantial evidence of Arbizo's guilt. See United States v. Alvarado, 838 F.2d 311, 317 (9th Cir.), cert. denied, 487 U.S. 1222 (1988), and cert. denied, 488 U.S. 838 (1988) (even if instruction found to be erroneous, application of harmless error doctrine is appropriate where evidence is "so overwhelming that a conviction is compelled"). Arbizo was arrested after driving in tandem with another vehicle in a manner consistent with the known tactics of drug smugglers. A bale of marijuana was found in his back seat along with items displaced from the trunk of the car to make room for seven additional bales. Arbizo nervously feigned ignorance of the whereabouts of the key to the trunk of the car when in fact it was in his pants pocket. And finally, Arbizo's story at trial was suspect since it was not consistent with the statement he had given during his post-arrest interview. These facts are overwhelming evidence that Arbizo knew of the marijuana in his car. A reasonable juror could not have concluded otherwise.
 
 
 14
 The order of the district court denying appellant's petition is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The instruction held to be defective by the Rubio-Villareal panel stated:
 You are instructed that if you find that the defendant was the driver of a vehicle containing contraband in this case; and if you find that the cocaine was found inside that vehicle and concealed in its body, you may infer from these two facts, that the defendant knew that the cocaine was in the automobile; however, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrants [sic] any inference which the law permits the jury to draw.
 967 F.2d at 295.
 
 
 [2]
 The dissimilarity between the two is heightened by the district court's additional instruction in Arbizo's case that "[t]he fact of driving a car, standing alone, is not enough to support an inference of knowledge, but this is one fact which, together with all the evidence, can be considered in deciding whether the defendant knowingly possessed the marijuana." (R.T. at 132-33.)