983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnold BRAUFF, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnold BRAUFF, Defendant-Appellant.
 Nos. 92-35060, 92-35234.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnold Brauff, a federal prisoner, appeals pro se the district court's denial of his two 28 U.S.C. § 2255 motions to vacate his sentence for one Racketeer Influenced and Corrupt Organizations Act (RICO) count and one mail fraud count. In both motions, Brauff contends that the acts to which he pleaded guilty occurred prior to the effective date of the Sentencing Guidelines, and therefore, the district court erred by sentencing him under the Guidelines. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.[1]
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 4
 Brauff pleaded guilty to a RICO violation, pursuant to 18 U.S.C. § 1962, and a mail fraud violation, pursuant to 18 U.S.C. § 1341. At the plea hearing, the district court conducted an extensive colloquy with Brauff in order to ensure that his plea was knowingly and voluntarily made. The district court provided Brauff with several opportunities to reconsider his plea and to object to the PSR. The district court followed the PSR's recommendation that the Sentencing Guidelines should apply in the determination of Brauff's sentence for the RICO offense. The district court sentenced Brauff to 37 months imprisonment for the RICO violation and to a 366-day concurrent sentence for the mail fraud violation. Brauff failed to object to the PSR's recommendation that the Sentencing Guidelines applied to his RICO charge. Brauff appealed his conviction, but he voluntarily withdrew his appeal. See United States v. Brauff, No. 90-30314, order granting voluntary dismissal (9th Cir. Jan. 18, 1991). In his section 2255 motions, he claims for the first time, that the district court erred by accepting the PSR recommendations and sentencing him under the Sentencing Guidelines.
 
 
 5
 Brauff's contention that the district court erred by sentencing him under the Sentencing Guidelines is without merit. "A guilty plea is an admission of each and every element required to establish the offense." United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989). Brauff does not contest the validity of his guilty plea. He pleaded guilty to a count that charged a RICO violation beginning in 1981 and continuing until February 1988. "An offense initiated before November 1, 1987 but not completed until after that date comes within the ambit of the Sentencing Guidelines." United States v. Niven, 952 F.2d 289, 293 (9th Cir.1991) (per curiam). The district court correctly sentenced Brauff under the Sentencing Guidelines. Accordingly, we affirm the district court's denial of Brauff's 28 U.S.C. § 2555 motions.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the parties' requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that the notice of appeal in appeal No. 92-35060 is untimely. This contention lacks merit. See Fed.R.App.P. 4(a)(1); Rule 11, Rules Governing Section 2255 Proceedings
 
 
 [2]
 Brauff also argues, for the first time on appeal, that (1) the district court imposed an illegal fine against him, (2) the district court incorrectly considered uncharged relevant conduct, and (3) the district court lacked jurisdiction. Because Brauff raises these questions for the first time on appeal, we decline to consider them. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)