988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark C. THOMAS, Defendant-Appellant.
 No. 92-16277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Nevada, Nos. CV-91-00526-LDG, CR-S-87-00284-LDG; Lloyd D. George, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark C. Thomas appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Thomas contends that the district court erred by finding that he failed to satisfy the "in custody" requirement for a section 2255 motion. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 4
 Relief under section 2255 is not available to a defendant who has completed his sentence and has been released from custody. 28 U.S.C. § 2255; Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). Custody is measured at the time the petition is filed. Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir.1983). The possibility that the challenged conviction will be used to enhance a subsequent conviction, standing alone, is insufficient to satisfy the custody requirement. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).
 
 
 5
 Here, Thomas pleaded guilty to one count of possession of an unregistered firearm, and the district court sentenced him to a term of probation. Almost one year after the expiration of his term of probation, Thomas filed a section 2255 motion to vacate or correct his sentence. The district court denied the motion citing the fact that Thomas was not in custody as required under 28 U.S.C. § 2255.
 
 
 6
 Thomas' argument that he is in custody based on the possibility that his conviction will be used against him in the future lacks merit. See Maleng, 490 U.S. at 492. Because Thomas' term of probation expired before he filed his section 2255 motion, the district court properly found that he was not entitled to relief under 28 U.S.C. § 2255. See Hirabayashi, 828 F.2d at 604; Tyars, 709 F.2d at 1279. Accordingly, we affirm the district court's decision.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3