988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley MARTELL, Defendant-Appellant.
 No. 92-35415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Montana; Nos. CV-92-2-PGH, CR-79-54-PGH, Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Martell, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction. Martell, a Sioux Indian, pleaded guilty to second degree murder in violation of 18 U.S.C. § 1153.[1] We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Martell contends that the district court erred by finding that Montana law was inapplicable to the murder prosecution. This contention lacks merit.
 
 
 4
 18 U.S.C. § 1153(b) provides that to the extent an enumerated offense is not defined by federal law, state law is applicable for both definition of the crime and the sentence to be imposed. United States v. Bear, 932 F.2d 1279, 1281-82 (9th Cir.1990). Murder is specifically defined by federal law in 18 U.S.C. § 1111(a) as "the unlawful killing of a human being with malice aforethought," and where not premeditated nor committed in the perpetration of certain named crimes, it is murder in the second degree. Because murder is defined by federal law, Montana state law was not applicable in the federal prosecution of Martell for violation of section 1153. See 18 U.S.C. § 1153(b); Bear, 932 F.2d at 1282.
 
 
 5
 Martell also contends that the district court improperly accepted his guilty plea without establishing a factual basis for the plea and that the government should have charged him as an aider and abettor under 18 U.S.C. § 2 since he did not act as the principal in the murder. These contentions also lack merit. Martell raised both issues for the first time in his motion for reconsideration under Fed.R.Civ.P. 59(e). We review a denial of a motion for reconsideration under Fed.R.Civ.P. 59(e) for an abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 6
 Fed.R.Crim.P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." For a section 2255 movant to successfully challenge a guilty plea based on a violation of Rule 11, he must establish that the error resulted in a complete miscarriage of justice or a violation of due process. United States v. Timmreck, 441 U.S. 780, 783-784 (1979); United States v. Rivera-Ramirez, 715 F.2d 453, 456-458 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984) ("minimally adequate" factual basis for plea sufficient to withstand challenge in habeas proceeding).
 
 
 7
 Here, at the change of plea hearing, Martell's counsel explained that although Martell had an incomplete memory of events on the night of the murder due to his being under the influence of alcohol and drugs at the time, it was Martell's recollection that he had asked his codefendants to beat up the victim and not to kill him. However, Martell's counsel also informed the court that according to the FBI reports and Martell's own court-appointed investigator, the two codefendants would testify that Martell asked both of them to shoot or kill the victim. Because the transcript of the plea hearing reveals a sufficient factual basis for Martell's guilty plea to second degree murder and any error did not involve a complete miscarriage of justice or violation of due process, the district court did not abuse its discretion in denying the motion for reconsideration on this issue. See Rivera-Ramirez, 715 F.2d at 456-458; Fuller, 950 F.2d at 1441.
 
 
 8
 In regard to the government's failure to charge Martell under 18 U.S.C. § 2 as an aider or abettor, the government was not required to include this additional charge. "Aiding and abetting is implied in every federal indictment for a substantive offense." United States v. Armstrong, 909 F.2d 1238, 1241 (9th Cir.1990). Accordingly, the district court did not abuse its discretion by denying Martell's motion for reconsideration on this issue. See id.; Fuller, 950 F.2d at 1441.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Martell's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1153 provides for federal prosecution of "[a]ny Indian who commits against the person or property of another Indian or other person" any of twelve enumerated offenses, including murder. 18 U.S.C. § 1153(a)