UNITED STATES of America,
Plaintiff–Appellee,

v.

Kurt J. ANGELONE,
Defendant–Appellant.

No. 89–35085.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 31, 1989.*

Decided Jan. 31, 1990.

Kurt J. Angelone, pro se, Marion, Ill., for defendant-appellant.

Baron C. Sheldahl, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

TANG, Circuit Judge:

Kurt Angelone appeals the district court's denial of his 28 U.S.C. § 2255 habeas corpus writ which alleged ineffective assistance of counsel in a previous appeal. We affirm.

## FACTS AND PROCEEDINGS BELOW

In 1984, Angelone was charged and convicted of bank robbery in violation of 18 U.S.C. § 2113. On August 23, 1985, this court affirmed Angelone's conviction.

On August 14, 1985, Angelone filed a Federal Rule of Criminal Procedure Rule 35 motion requesting a reduction of his sentence. On January 30, 1986, the district court partially granted Angelone's Rule 35 motion, reducing his sentence from seven years to six years and five months.

Angelone then filed his first petition under 28 U.S.C. § 2255 seeking to set aside his conviction. Angelone asserted that his trial attorney was ineffective. Specifically, Angelone contended that his trial attorney's advice to waive a jury trial so that an intoxication defense would be considered was ineffective. For this post-conviction petition, Angelone had appointed counsel, Philip Margolin. However, Margolin later asked and received permission to withdraw. Angelone was then appointed another attorney, Gregory Veralrud, to represent him. Veralrud filed a brief on Angelone's behalf.

On March 17, 1987, the district court denied Angelone's first petition to set aside the underlying conviction. The next day,

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

the district court entered a judgment dismissing the petition.

Angelone did not file his notice of appeal until June 18, 1987, ninety-two days after the entry of the district court's final judgment. Because the defendant's notice of appeal was not filed within the time limits prescribed by Federal Rule of Appellate Procedure 4(a)(1), we dismissed Angelone's appeal from his first Section 2255 proceeding.

Angelone then filed a second petition under 28 U.S.C. § 2255. In this second petition, Angelone asserted that Veralrud was ineffective. Angelone made this claim on the basis that Veralrud had failed to notify him of the denial of his first post-conviction petition; therefore, Angelone was unable to insure that a timely appeal was filed.

The district court denied Angelone's second petition for post-conviction relief, finding that Veralrud was not ineffective and that it lacked the jurisdiction to extend the time limits for filing a notice of appeal beyond the limits set by Federal Rule of Appellate Procedure 4(a)(1). Angelone filed a timely appeal.

## STANDARD OF REVIEW

Our review of "the district court's denial of a 28 U.S.C. § 2255 motion is *de novo*." *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir.1989). "A claim of ineffective assistance of counsel is a mixed question of law and fact which this court reviews *de novo*." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir.1989).

## DISCUSSION

1. *Ineffective Assistance of Counsel*

■ Angelone contends that Veralrud acted ineffectively because he failed to notify him of the status of his first post-conviction motion despite constant requests. As a result of Veralrud's alleged ineffectiveness, Angelone claims that he did not receive notice of the denial until eighty-six days after the decision, too late to file a timely appeal under Federal Rule of Appellate Procedure 4(a)(1). We reject Angelone's ineffectiveness claim because we

conclude he had no constitutional right to raise such a claim.

The Supreme Court has held that because a defendant has no constitutional right to counsel on a certiorari appeal to a state supreme court, then he or she cannot be deprived of the right to effective assistance of counsel by appointed counsel's failure to file a timely certiorari appeal. *See Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982); *see also Evitts v. Lucey*, 469 U.S. 387, 397 n. 7, 105 S.Ct. 830, 836 n. 7, 83 L.Ed.2d 821 (1985) ("Of course, the right to effective assistance of counsel is dependent on the right to counsel itself."); *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir.1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance.").

Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987).

Therefore, we conclude that Angelone cannot raise an ineffectiveness of counsel claim because he had no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition.

2. *Houston v. Lack*

Angelone contends that the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) when applied to his case makes his appeal timely. The government asserts that (1) *Houston v. Lack* does not apply retroactively and thus does not apply in this case; and (2) even if *Houston v. Lack* did apply, Angelone's petition would still not be timely.

(i) Application of *Houston v. Lack*

■ In *Houston v. Lack*, the Supreme Court held that an incarcerated *pro se* prisoner's notice of appeal is filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. 487 U.S. at ——, 108 S.Ct. at 2385.

In a civil case, when the United States is a party, the notice of appeal must be filed within sixty days after the date of entry of judgment in the district court. Fed.R. App.P. 4(a)(1).

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than thirty days after the expiration of the time prescribed by this Rule 4(a). Fed.R.App.P. 4(a)(5).

We conclude that even if we applied *Houston v. Lack* to this case, the filing of the notice of appeal would still be untimely. The district court entered its denial of Angelone's notice of appeal on March 18, 1987. Because the United States was a party, Angelone had sixty days, until May 17, 1987, to file his notice of appeal. Angelone did not deliver his notice of appeal to prison officials until June 12, 1987, eighty-six days after the date of entry. Thus, his appeal was untimely under Federal Rule of Appellate Procedure 4(a)(1).

We also note that Federal Rule of Appellate Procedure 4(a)(5), which extends the time for filing an appeal, does not help Angelone because he failed to file a motion with the district court within the ninety days allowed (sixty days to file the appeal plus the extra thirty days to file an extension).

(ii) Retroactive application of *Houston v. Lack*

We do not reach the issue of whether *Houston v. Lack* should be applied retroactively because even if we applied *Houston v. Lack* to Angelone's case, his appeal would not be timely.

AFFIRMED.