961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge RENDON-RAMOS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55654.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Rendon-Ramos, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Rendon-Ramos contends the sentencing court erred by failing to award him a downward adjustment in his United States Sentencing Guidelines (Guidelines) offense level for his acceptance of responsibility and minor role in the offense. In addition, he claims the district court improperly included in its criminal history calculations a prior uncounseled conviction. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Rendon-Ramos waived his right to attack these alleged errors in the presentence report (PSR) when he failed to avail himself of the opportunity to do so contemporaneously or on direct appeal. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990) (appellant who did not contest accuracy of PSR prior to filing section 2255 motion waived his right to raise the issue through a section 2255 motion).
 
 
 4
 Rendon-Ramos contends that his failure to raise these issues earlier was the result of ineffective assistance of counsel at trial. He argues that counsel prevented him from adequately preparing for his sentencing hearing and that his counsel failed to argue in favor of his receiving a downward adjustment for his minor role in the offense. These contentions lack merit.
 
 
 5
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 6
 At his sentencing hearing, Rendon-Ramos acknowledged that he had read the PSR, had no additions or corrections to offer, and stated that his counsel had already addressed all issues of concern to him.[1] Based on this record, we do not find that counsel's representation in this matter was deficient.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At sentencing, the following colloquy occurred between the district court and Rendon-Ramos:
 THE COURT: All right, Mr. Ramos, have you had the probation report read to you?
 RENDON-RAMOS: Yes.
 THE COURT: Any additions or corrections that you wish to make to that report?
 RENDON-RAMOS: No.
 THE COURT: Anything you want to say in your own behalf?
 RENDON-RAMOS: No. Everything has been stated already.