962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo BEAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55290.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Beas, a federal prisoner, appeals pro se the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 District Court Jurisdiction
 
 3
 Beas contends that the district court lacked subject matter, personal, and territorial jurisdiction over him at the time of his trial and sentencing. This contention lacks merit.
 
 
 4
 "The district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States." 18 U.S.C. § 3231.
 
 
 5
 Here, Beas was convicted for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846(1). Beas's offenses violated United States law and were committed in the Southern District of California. Accordingly, the district court had subject matter, personal, and territorial jurisdiction when it tried and sentenced Beas. See 18 U.S.C. § 3231.
 
 Ineffective Assistance of Counsel
 
 6
 Beas contends that he was denied effective assistance of counsel because his counsel did not challenge the district court's jurisdiction. This contention lacks merit.
 
 
 7
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, Beas's counsel's performance was not deficient because the district court clearly had jurisdiction. Accordingly, Beas cannot state an ineffective assistance of counsel claim. See id.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Beas also contends that: (1) he is not a "person" within the meaning of the relevant U.S. Code provisions; (2) the district court lacked Article III judicial power, and his trial should have been conducted by a three-judge panel; and (3) his plea agreement is void. We have considered these contentions and find them to be meritless