967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kuldip Singh MUNDI, Defendant-Appellant.
 No. 91-10196.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 12, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kuldip Sing Mundi appeals the district court's denial of his 28 U.S.C. § 2255 motion to correct his criminal sentence. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 In this pre-United States Sentencing Guidelines case, Mundi was convicted after a jury trial on twenty-five counts of wire fraud (counts 1-25) in violation of 18 U.S.C. §§ 2 and 1343, and one count of conspiracy (count 27) in violation of 18 U.S.C. § 371. Mundi was sentenced to concurrent five-year terms of imprisonment for each of counts 1 through 25 and count 27. A $10,000 fine was imposed for each of the twenty-six counts of conviction, to run consecutively. Mundi did not contest the fine at the sentencing hearing or on direct appeal.[1]
 
 
 4
 In his pro se section 2255 motion, Mundi objected to imposition of the fine on the following basis:
 
 
 5
 1. The defendant was found guilty of violating 18 U.S.C. 1343, and 2314.
 
 
 6
 2. The court imposed a fine of $10,000 per count on the counts.
 
 
 7
 3. The statute authorizes a maximum fine of $1,000 per count.
 
 
 8
 In light of the foregoing, Defendant asks the court to enter the appropriate order correcting the order committing the judgment to reflect the fine at the rate of $1,000 per count and not $10,000 per count.
 
 
 9
 On appeal, Mundi contends (1) the sentencing court violated due process by failing to inquire into his ability to pay the fine before imposing it, and (2) the fine imposed as part of his sentence was in excess of the amount authorized by statute.
 
 
 10
 Mundi failed to raise the due process argument in his section 2255 motion, and fails to show exceptional circumstances why we should address this issue for the first time on appeal. Accordingly, we decline to address this argument. See Eckert v. Tansy, 936 F.2d 444, 450 n. 5 (9th Cir.1991).
 
 
 11
 Mundi also contends that the district court's failure expressly to state that the fine was imposed pursuant to the Criminal Fine Enforcement Act of 1984, 18 U.S.C. § 3623, necessarily means that the fine was imposed pursuant to 18 U.S.C. § 1343, the substantive statute of conviction.[2] This contention lacks merit.
 
 
 12
 Pursuant to 18 U.S.C. § 3623, the district court was authorized to impose the fine which it did impose on Mundi. Moreover, the district court expressly stated in its order denying Mundi's motion to correct his sentence that the fine was imposed under the authority of 18 U.S.C. § 3623. There is no basis in the record for Mundi's assertion that the district court meant to fine him pursuant to 18 U.S.C. § 1343.
 
 
 13
 Accordingly, the order of the district court denying Mundi's motion is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mundi was also convicted on one count of interstate transportation of stolen goods in violation of 18 U.S.C. § 2315 (count 26). Mundi was sentenced to serve a seven year prison term, concurrent with the other prison terms imposed, and to pay a fine of $5,000, consecutive to the other fines imposed. Following direct appeal, the conviction on count 26 was reversed and the case was remanded for resentencing. See United States v. Mundi, 892 F.2d 817 (9th Cir.1989)
 
 
 [2]
 18 U.S.C. § 3623, titled "Alternative fines," provides in relevant part:
 (a) An individual convicted of an offense may be fined not more than the greatest of--
 (1) the amount specified in the law setting forth the offense; [or]
 * * *
 (3) in the case of a felony, $250,000.
 The wire fraud statute, 18 U.S.C. § 1343, provides that a person found guilty under this section "shall be fined not more than $1,000."