972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Muoi-Ba LE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Muoi-Ba Le, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence. Le was convicted by jury trial of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Le contends the disparity in sentences imposed on him and an allegedly more culpable co-defendant proves that he was penalized for exercising his right to trial. This contention is without merit. The disparity in sentences is both negligible and explained by the fact that Le and co-defendant Nguyen were not convicted of the same offenses.[1] Furthermore, to the extent that Le premises his claim on the allegation that Nguyen received an illegal sentence, this argument does not obviate the legality of his own sentence.
 
 
 4
 Le also argues that he should have received minor participant and acceptance of responsibility downward adjustments in his offense level calculation under the United States Sentencing Guidelines. In addition, he claims the district court erred by declining to depart downwards from the statutory mandatory minimum sentence because of his minor role in the offense.
 
 
 5
 Generally, a collateral challenge under section 2255 "may not do service for a direct appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Because Le failed to raise these issues in his direct appeal, see United States v. Nguyen, Nos. 90-30194, 90-30195, unpublished memorandum disposition (9th Cir. Apr. 29, 1991), he must show both cause for his procedural default and actual prejudice resulting from the alleged error in order to obtain collateral relief under section 2255. See Frady, 456 U.S. at 168. Here, Le does not allege cause for his failure to raise these issues on direct appeal, nor is any apparent from the record before us. Accordingly, we decline to address these issues now.
 
 
 6
 Le's final contention is that his due process rights were violated by the failure of both his attorney and the trial court to inform him of the mandatory minimum sentence he would face if he proceeded to trial and lost. This claim is entirely without merit. Le received the statutory mandatory minimum sentence; pleading guilty to the same charges would not have resulted in a sentence below the statutory minimum.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Le and Nguyen both were charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Pursuant to a plea bargain, Nguyen pleaded guilty to the conspiracy count and was sentenced to five years imprisonment followed by three years of supervised release. Le proceeded to trial and was convicted on both the conspiracy and substantive counts. He was sentenced to concurrent five-year sentences and four years of supervised released, the statutory minimum. See 21 U.S.C. § 841(b)(1)(B); United States v. Nguyen, Nos. 90-30194, 90-30195, unpublished memorandum disposition, (9th Cir. Apr. 29, 1991)