976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Edward MOSLEY, aka Raymond Lee Baker, Defendant-Appellant.
 No. 90-50610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Edward Mosley appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to reduce his sentence. He was convicted, following a guilty plea, for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm in violation of 18 U.S.C.App. II § 1202(a)(1). Mosley contends that the district erred by denying his motion because methamphetamine is not a Schedule II controlled substance under 21 U.S.C. § 812. Although, the district court reached the merits under former Rule 35(a), we shall treat Mosley's motion as one brought pursuant to 28 U.S.C. § 2255. See United States v. Kohl, No. 91-30119, slip op. 9713, 9717 (9th Cir. August 12, 1992).[1] We review de novo, see United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Mosley argues that methamphetamine is not a controlled substance because Vick's inhaler and Rynal spray, which both contain methamphetamine, have been approved by the FDA for over-the-counter sale. We have squarely rejected this contention. See United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991) (rejecting identical argument); accord United States v. Housley, 955 F.2d 622, 623 (9th Cir.1992) (per curiam) ("FDA's approval of over-the-counter products containing small amounts of methamphetamine does not require that methamphetamine be excluded from the criminal schedules of controlled substances").[2]
 
 
 4
 Therefore, the district court did not err by concluding that Mosley's sentence was not imposed in violation of the law. See Durham, 941 F.2d at 891.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Former Rule 35(a), which applies to offenses committed before November 1, 1987, and governs this case, permitted a district court to "correct an illegal sentence at any time." See Fed.R.Crim.P. 35(a) (1986). Here, although Mosley filed a motion under Rule 35, his claim actually attacks his conviction. Section 2255 offers federal prisoners relief from sentences imposed in violation of the Constitution or laws of the United States. See 28 U.S.C. § 2255; see also Kohl, No. 91-30119, slip op. at 9717 (construing defective Rule 35 motion as one for relief under section 2255)
 
 
 [2]
 Similarly, Mosley's contention that the indictment failed to state a claim because methamphetamine is unlawfully classified as a controlled substance under 21 U.S.C. § 811(a)(1), but approved by the FDA for over-the-counter sales in the aforementioned products, lacks merit. See Durham, 941 F.2d at 978-79