981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecilia GUZMAN, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 91-56010.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecilia Guzman, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion to correct her sentence for one count of conspiracy to possess with intent to distribute and to distribute cocaine. Guzman contends there was insufficient evidence to justify her five-year minimum mandatory sentence. She also argues that she received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 4
 "An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970). The Constitution does not require that a defendant make an express admission of guilt in order for a court to impose a criminal penalty against him. Id. The validity of an Alford plea rests on whether the plea represents an intelligent and voluntary choice among the alternatives available to the criminal defendant. Tomayo-Reyes v. Keeney, 926 F.2d 1492, 1494 (9th Cir.1991), rev'd on other grounds, 112 S.Ct. 1715 (1992). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of a guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). In challenging a guilty plea for ineffective assistance of counsel, a defendant must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." Id.
 
 
 5
 Here, Guzman was charged, in a three count indictment, with conspiracy, possession with intent to distribute cocaine, and distribution of cocaine. Guzman pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine (count one) pursuant to Alford, and the government moved to dismiss the remaining counts. The district court found Guzman's plea to be knowing, voluntary, and supported by a factual basis. At sentencing, the district court took into account Guzman's lack of criminal history and her minimal participation in the offense and sentenced her to the mandatory minimum of five years imprisonment.
 
 
 6
 The Alford plea entered by Guzman allowed her to be sentenced on the one count of conspiracy without having to admit her guilt or involvement in the acts comprising the crime. See Alford, 400 U.S. at 37; Tomayo-Reyes, 926 F.2d at 1494. Nevertheless, the record fails to show whether Guzman's plea represented an intelligent choice among the alternatives available to her. See Tomayo-Reyes, 926 F.2d at 1494. The record does not indicate whether Guzman was informed, either by the court or by counsel, that her plea would result in a five-year minimum mandatory sentence. In addition, it is questionable whether Guzman understood the procedural and substantive effect of the Alford plea. Therefore, we vacate the district court decision and remand to the district court in order to determine whether Guzman was informed of the minimum mandatory sentence and whether she understood the full effect of her plea.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3