983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William L. MACE, Defendant-Appellant.
 No. 92-15886.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 14, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William L. Mace, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to correct his sentence for distribution of cocaine. Mace contends that the district court erred by dismissing his section 2255 motion on the basis that Mace raised the exact issues in a previous section 2255 motion. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's ruling on a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 4
 Absent manifest injustice, a district court may dismiss a repetitive section 2255 motion. Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976); 28 U.S.C. § 2255. Dismissal of the motion "is proper if petitioners are raising an issue previously determined 'on the merits'." Id. at 1136 (citation omitted). A criminal defendant who does not challenge the presentence report (PSR), either contemporaneously or on direct appeal, waives his right to challenge the PSR in a section 2255 motion. United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990).
 
 
 5
 Here, Mace was convicted in 1979 for distribution of cocaine. He was sentenced to five years imprisonment to be followed by a five year special parole term.[1] We affirmed his conviction on direct appeal. In 1985, Mace filed a section 2255 motion to correct his sentence claiming that erroneous information in his PSR led to an incorrect sentence. The district court dismissed his section 2255 motion holding that Mace waived his right to challenge the PSR in a section 2255 motion by failing to challenge it at sentencing or on direct appeal. His present section 2255 motion also alleges that the erroneous information in his PSR led to an improper condition of probation.
 
 
 6
 Because Mace's current section 2255 motion raises the same issues argued in his previous section 2255 motion, the district court properly dismissed the motion as repetitive. See Polizzi, 550 F.2d at 1135-36. The dismissal does not create a manifest injustice because Mace's motion again challenges information in the PSR which he failed to challenge at sentencing or on direct appeal. See id.; Keller, 902 F.2d at 1393-94. Accordingly, we affirm the district court's dismissal of Mace's 28 U.S.C. § 2255 motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mace's sentence was to be served consecutively to a five year imprisonment sentence in CR-79-0056-JAW (Tucson)