988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armen B. CONDO, Defendant-Appellant.
 No. 87-6099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; Nos. CV-87-2628-RG, CR-84-1107-RG, Richard A. Gadbois, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Armen B. Condo appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Condo was convicted of firearm possession by a felon, in violation of 18 U.S.C.App. § 1202(a)(1), and we affirmed the conviction on direct appeal. United States v. Condo, 782 F.2d 1502 (9th Cir.1986). Condo contends that he received ineffective assistance of counsel because his attorney did not adequately argue a motion to suppress firearms seized pursuant to a warrant for property to satisfy an IRS penalty assessment. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct falls within "the wide range of reasonable professional assistance," and an attorney's tactical decisions are essentially unreviewable. Id. at 689-90; United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985).
 
 
 4
 To obtain a warrant to make seizures in satisfaction of a tax assessment, the IRS must have "probable cause to connect the assets seized to the delinquent taxpayer." Condo, 782 F.2d at 1505. "[T]he IRS must show an assessment, a demand, a refusal to pay and a likelihood of finding property of the taxpayer at the address where the search is to take place." Id. If a declaration in support of a warrant omits important information, then the declaration should be considered with the omitted information included to determine if it still establishes probable cause. Id. at 1506.
 
 
 5
 Condo contends that counsel should better have argued that there was no probable cause to support the warrant because the penalty assessment was invalid. He contends that counsel should more specifically have discussed the government's inability to support an earlier unsuccessful motion to end Condo's release on bail with evidence that he had committed the acts that led to the penalty assessment. One of the conditions of Condo's release on bail was that he refrain from advising others not to pay taxes. The basis for the penalty assessment was the allegation that he had helped others to understate their tax liability.
 
 
 6
 Condo contends that the government's admission that it lacked evidence during the hearing on the bail motion proved the invalidity of the assessment and thus the lack of probable cause to support the warrant. As we found on direct appeal, however, "[e]ven if the penalty were ultimately determined to have been wrongly assessed, its collection would not be stayed because Condo had not paid 15% of the assessment when he challenged it. [Citations omitted.] Thus, this information was not material to the government's showing that the tax was owed." Id. at 1507.
 
 
 7
 Accordingly, Condo cannot show that any deficiencies in counsel's argument in support of the motion to suppress prejudiced his defense. See Strickland, 466 U.S. at 694 (movant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Moreover, we find that counsel's performance was not deficient; in the motion to suppress counsel discussed the omission of the district court's ruling on the bail motion from the warrant declaration. See id. at 687.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3