2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto MAESTRE, Defendant-Appellant.
 No. 93-55186.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 7, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Maestre, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his conviction for importation of a controlled substance, in violation of 21 U.S.C. Secs. 952 and 960, and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Maestre contends that (1) he was denied effective assistance of counsel at trial because his attorney rendered him unable to choose whether to testify and did not properly cross-examine government witnesses; (2) he was denied effective assistance of counsel because his attorney did not argue on direct appeal that he was entitled to a downward adjustment for playing a minimal role in the offense, that the district erred by denying a mistrial for prosecutorial misconduct, and that insufficient evidence supported the conviction; (3) insufficient evidence supported the conviction; (4) he was denied due process and equal protection because he was unable to assist in the government's investigation and thus obtain a downward departure; and (5) he was entitled to a downward adjustment for playing a minimal role. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 First, Maestre contends that he received ineffective assistance of counsel at trial. This contention lacks merit.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 5
 Maestre contends that he was denied effective assistance of counsel because his attorney rendered him unable to choose whether to testify at trial. As the district court found, Maestre cannot show prejudice resulting from any error by counsel in preventing him from testifying. If he had testified, the government could have introduced impeachment evidence of a prior conviction for attempted murder and of his post-arrest statement, "I know what I did, and I'll do the time." Accordingly, there is not a reasonable probability that Maestre's testimony would have changed the jury's guilty verdict. See id.
 
 
 6
 Maestre contends that he was denied effective assistance of counsel because his attorney did not properly cross-examine government agents regarding their alleged knowledge that drugs usually are smuggled by couriers who do not know what they are carrying. As the district court found, counsel did inquire about the use of "blind mules." Maestre has not shown that counsel's cross-examination fell outside the wide range of reasonable professional assistance. Seeid. at 689.
 
 
 7
 Second, Maestre contends that he received ineffective assistance of counsel on direct appeal. This contention lacks merit.
 
 
 8
 Maestre contends that on direct appeal his attorney should have argued that he was entitled to a downward adjustment for minimal participation because he was only an unwitting courier. On direct appeal, the district court's finding whether a defendant is a minimal participant is reviewed for clear error. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990). Courier status alone does not entitle a defendant to a downward adjustment under U.S.S.G. Sec. 3B1.2. Id. at 710. Accordingly, Maestre has not shown a reasonable probability that this appellate argument would have succeeded. See Strickland, 466 U.S. at 694.
 
 
 9
 Maestre contends that on direct appeal his attorney should have argued that the district court erred by denying a mistrial for prosecutorial misconduct. Maestre does not explain what misconduct merited a mistrial. Accordingly, the district court did not err by denying this claim.
 
 
 10
 Maestre contends that on direct appeal his attorney should have argued that insufficient evidence supported his conviction. He argues that the government did not establish possession and knowledge because it did not introduce any physical evidence that he was anything but the unwitting driver of a truck that contained a large amount of cocaine. On direct appeal, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). As the district court found, the government introduced evidence of Maestre's nervousness at the customs station where the truck was stopped and other evidence of knowledge. Accordingly, Maestre has not shown prejudice resulting from appellate counsel's failure to argue insufficiency of the evidence. See Strickland, 466 U.S. at 694.
 
 
 11
 Third, Maestre contends that insufficient evidence supported the conviction. As discussed above, the government introduced evidence of knowledge. Accordingly, this contention lacks merit. See Jackson, 443 U.S. at 319.
 
 
 12
 Fourth, Maestre contends that he was denied due process and equal protection because he was unable to assist in the government's investigation and thus obtain a downward departure under U.S.S.G. Sec. 5K1.1. A defendant who does not raise an issue at the time of sentencing waives the right to raise the issue in a subsequent 28 U.S.C. Sec. 2255 motion. United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990). Maestre did not raise his claim at the time of sentencing. Accordingly, the district court did not err by denying this claim.
 
 
 13
 Finally, Maestre contends that he was entitled to a downward adjustment for playing a minimal role in the offense because he was "nothing more than a mule." As discussed above, courier status alone does not entitle a defendant to a downward adjustment for minimal participation. See Zweber, 913 F.2d at 710. Accordingly, this contention lacks merit.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3