12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Adrian LEWIS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 92-35089.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided Nov. 19, 1993.
 
 1
 Before: PREGERSON, KLEINFELD, Circuit Judges, and INGRAM, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Lewis was convicted in Oregon state court of forgery, unauthorized use of a vehicle, and theft. He had used a forged cashier's check to buy a Rolls-Royce. He was convicted on December 6, 1990, and filed a timely notice of appeal.
 
 
 4
 Lewis's lawyer did not file an opening brief, so his appeal was dismissed on June 14, 1991. But Lewis still had a state remedy available, a petition for state post-conviction relief. Or.Rev.Stat. Sec. 138.510. He had 120 days from the day his appeal was dismissed to apply for such relief. Or.Rev.Stat. Sec. 138.510(2).
 
 
 5
 Instead of filing for state post-conviction relief, Lewis petitioned the federal district court for a writ of habeas corpus on July 11, 1991. The State of Oregon moved to dismiss for failure to exhaust state remedies, because Lewis's state appeal was still pending. The state appeal was dismissed before the briefing on the federal motion was completed. In its reply memorandum, the state pointed out that Lewis still had time to file an application for state postconviction relief. Lewis's attorney advised him of this opportunity.
 
 
 6
 The district court dismissed the federal petition for a writ of habeas corpus, because when it was filed, Lewis still had state remedies available, so his claim was unexhausted. Lewis then moved the district court to set aside its decision, because his time for applying for state postconviction relief had expired before the federal decision was filed. The court denied this motion, but changed the ground for dismissing the petition to unexcused procedural default, not failure to exhaust, since the 120 day period state postconviction relief had expired in the interim.
 
 
 7
 The question before us is whether there was cause and prejudice for Lewis' procedural defaults. Thomas v. Goldsmith, 979 F.2d 1129, 1130 (9th Cir.1990). There are two defaults at issue: Lewis' direct appeal default, and his default on his post-conviction remedy. Or.Rev.Stat. Sec. 138.510. We assume without deciding that Lewis could show sufficient cause for his direct appeal default. Nevertheless, Lewis has not shown cause for his default on the post-conviction remedy.
 
 
 8
 Lewis argues that his lawyer did not advise him of his post-conviction remedy until it was too late. The record contradicts this argument, because Lewis concededly received the letter from his appointed lawyer on the federal habeas petition October 11, warning him to file his state application by October 14. We assume without deciding that this was insufficient time. Nevertheless, the lawyer's failure to advise Lewis sooner could not amount to cause for Lewis's procedural default, because he did not have a right to counsel in the state proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). He cannot complain of ineffective assistance of counsel. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990) (there can be no ineffective assistance of counsel claim if there is no right to counsel). Angelone controls.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3