17 F.3d 397
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grady Durell TRAVIS, Defendant-Appellant.
 No. 92-36995.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grady Travis, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Travis was convicted of possession with intent to distribute cocaine and carrying a semiautomatic handgun during the crime, in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Travis contends that he received ineffective assistance of counsel because his attorney (1) failed to appeal the trial court's denial of the motion to suppress, (2) did not maintain a "normal" attorney-client relationship with him, and (3) failed to follow this court's briefing schedules. This contention lacks merit.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. This court must indulge a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 5
 Here, Travis's attorney presented a motion in the district court to suppress the evidence seized from Travis's automobile and from his person. The district court, after a full evidentiary hearing, denied the motion finding that there was probable cause to seize the evidence obtained pursuant to a search incident to arrest. The record supports this finding. As a result, Travis cannot show that he was prejudiced by his attorney's failure to appeal the denial of the suppression motion. See id. Further, counsel filed an affidavit stating that his decision not to appeal the denial of the suppression motion was deliberate because he did not wish to present frivolous or unmeritorious arguments on appeal. Therefore this claim lacks merit.
 
 
 6
 Travis's other claims of ineffective assistance, that his attorney did not maintain a "normal" attorney-client relationship, and that his attorney did not follow this court's briefing schedule also fail because Travis has not shown that he was prejudiced by these alleged errors. See id. As the magistrate judge found, there is no indication that absent these alleged errors, this court would have had a reasonable doubt about Travis's guilt.
 
 
 7
 Travis also claims that the district court erred in denying the suppression motion, and that the evidence was illegally seized. To the extent that Travis raises these issues as separate from his ineffective assistance of counsel claim, they too fail because they were not raised on direct appeal. A collateral challenge under Sec. 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 168 (1982). In order to obtain collateral relief through Sec. 2255, Travis must show cause and actual prejudice resulting from these alleged errors. See id. at 168. He has shown neither. Accordingly, the district court did not err by denying Travis's Sec. 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. ??