17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Petitioner-Appellee
v.
Tony Oluyinka OKURIBIDO, Respondent-Appellant
 No. 93-55745.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony Okuribido appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to vacate his 46-month sentence imposed following his conviction for possession of counterfeit securities and implements for making counterfeit securities in violation of 18 U.S.C. Secs. 513(a) and (b). Okuribido contends that he received ineffective assistance of counsel at sentencing. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 4
 Okuribido contends that counsel was ineffective for failing to object to ten criminal history points because his pleas to his five prior California state court convictions were invalid. In his Sec. 2255 motion, he claimed:
 
 
 5
 The practice in the [L]os [A]ngeles municipal court on guilty pleas in misdemeanor cases disregards the necessity for establishing a factual basis for a guilty plea. Guilty pleas are entered without even so much as reciting the elements of the crime. Generally guilty pleas are entered en masse. In this case, movant represents that at any time were the facts of the case or the elements of the crime discussed before he entered his plea.
 
 
 6
 Okuribido does not claim, however, that he informed counsel of this problem. Accordingly, he has not shown that counsel's performance was deficient. See id. at 689.
 
 
 7
 Okuribido contends that counsel was ineffective for failing to object to a two-level upward adjustment for obstruction of justice under U.S.S.G. Sec. 3C1.1 because Okuribido was not convicted of perjury. This contention lacks merit because the Supreme Court has held that the sentencing court may consider the defendant's perjury even if he has not been convicted of that crime. See United States v. Dunnigan, 113 S.Ct. 1111, 1118 (1993).[1]
 
 
 8
 Okuribido contends that counsel was ineffective for failing to object to a two-level upward adjustment for role in the offense under U.S.S.G. Sec. 3B1.1. This contention lacks merit because the record shows that the district court did not make this adjustment. See Strickland, 466 U.S. at 689.
 
 
 9
 Okuribido contends that counsel was ineffective for failing to object to two criminal history points for a 1988 false financial statement conviction and a 1988 vehicle code conviction. This contention also lacks merit.
 
 
 10
 The United States Sentencing Guidelines instruct the district court to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days." U.S.S.G. Sec. 4A1.1(b).
 
 
 11
 The presentence report (PSR) states that on October 18, 1988, Okuribido pleaded nolo contendere to making a false financial statement and was sentenced to 24 months probation. The PSR also states that Okuribido violated probation on November 19, 1990, and was sentenced to 124 days imprisonment. Okuribido argues that he could not have violated probation on November 19, 1990, because his probation already had ended on October 18, 1990. As the government points out, however, Okuribido's probation would have been tolled under California law when he was imprisoned for forgery on February 16, 1989. Moreover, Okuribido does not claim that he brought this matter to counsel's attention. Accordingly, he has not established that counsel's performance was deficient. See Strickland, 466 U.S. at 689.
 
 
 12
 The PSR states that on December 23, 1988, Okuribido pleaded nolo contendere to operating a vehicle while under the influence of alcohol and was sentenced to 36 months probation. The PSR also states that he violated probation on April 20, 1989, and probation was reinstated; he again violated probation on November 19, 1990, and was sentenced to 124 days imprisonment. Okuribido claims that he did not violate probation on April 20, 1989, and it was not reinstated. Regardless, he does not claim that he brought this matter to counsel's attention. Accordingly, he has not established that counsel's performance was deficient. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider Okuribido's other contentions regarding counsel's actions in connection with the Sec. 3C1.1 adjustment because Okuribido raises them for the first time on appeal, see Willard v. California, 812 F.2d 461, 465 (9th Cir.1987), and does not raise all of them in his opening brief, see Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 499 U.S. 906 (1991)