19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederico Monico FIGUEROA, Defendant-Appellant.
 No. 93-55877.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Frederico Monico Figueroa appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2255 motion to vacate his 120-month sentence imposed following his conviction by guilty plea to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Figueroa contends that (1) the United States lacked jurisdiction to prosecute him for crimes committed in California, and (2) the district court erred by failing to make a determination regarding the type of methamphetamine that Figueroa possessed. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 4
 Figueroa's challenge to the United States' jurisdiction to prosecute him is frivolous. Essentially, Figueroa argues that the United States may not prosecute a federal offense against a California resident without receiving permission from the state of California. As the district court correctly noted, however, Figueroa violated the laws of two sovereigns, California and the United States. Either, without permission of the other, or both, could have prosecuted him. See United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993).
 
 
 5
 Figueroa's challenge to the district court's failure to identify the specific type of methamphetamine involved in his conviction is equally without merit. Specifically, Figueroa argues that he would have received a reduced sentence had the district court properly distinguished between two different types of methamphetamine. Figueroa received the statutory mandatory minimum sentence of ten years for his offense. See 21 U.S.C. Sec. 841(b)(1)(A)(viii). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum shall be the guideline sentence." U.S.S.G. Sec. 5G1.1(b). Thus, in this instance, a determination by the district court regarding any differences in the type of methamphetamine involved would have been meaningless.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3