21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin H. STANWOOD, Defendant-Appellant.
 No. 93-35528.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin H. Stanwood, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion. Stanwood pled guilty to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). He contends the district court erred by denying his claims that the searches leading to his arrest were unlawful and his counsel was ineffective. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 A defendant who pleads guilty to a criminal charge may not subsequently seek relief on the basis of pre-plea constitutional violations. Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.1985). He may, however, attack the voluntary and intelligent character of the plea by demonstrating that the advice he received from counsel did not constitute effective representation. Id.
 
 
 4
 A defendant challenging a guilty plea for ineffective assistance of counsel must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In order to demonstrate prejudice in the plea context, the defendant must show that there is a reasonable probability, but for counsel's errors, that he would not have pled guilty but would have insisted on going to trial. Id. at 59.
 
 
 5
 Stanwood avers that his plea would have been "different" had counsel been effective and challenged the search. He contends that the search was invalid because the search warrant was not based on probable cause and the search was conducted unlawfully. As Stanwood was aware of these claims before he elected to plea guilty to his charges, we are not convinced there is a reasonable probability that he would not have pled guilty had counsel challenged the search. Moreover, we are satisfied that the affidavit upon which the search warrant was based contained sufficient indicia of probable cause, see Illinois v. Gates, 462 U.S. 213, 238 (1983), and that the alleged execution of the search was not unreasonable under the circumstances, see United States v. Manfredi, 722 F.2d 519, 524 (9th Cir.1983). Stanwood was not prejudiced nor was counsel ineffective for failing to challenge the search.
 
 
 6
 Stanwood claims counsel was ineffective for failing to speak but 26 words at his sentencing hearing. Clearly, counsel ably represented Stanwood in plea negotiations as Stanwood was subject to a far greater sentence than that which he received. Counsel was not ineffective for speaking but a few words at sentencing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3