62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Wilder FAUNCE, Petitioner-Appellant,
v.
Theo WHITE, Respondent-Appellee.
 No. 94-17242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner David Wilder Faunce appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Faunce was convicted of first degree murder while engaged in the commission of a robbery and sentenced to a term of life without the possibility of parole. Faunce contends that the district court erred by dismissing his petition pursuant to Rule 9(a), 28 U.S.C. foll. Sec. 2254. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990), and affirm.
 
 
 3
 In his petition, Faunce alleged that he was denied the right to a speedy trial because his trial counsel, in his absence and without his consent, waived his right to a preliminary hearing conducted within ten days of arraignment under Cal. Penal Code section 859(b).[1] The district court granted the State's motion to dismiss the petition on the ground that Faunce was barred from raising his claims under Habeas Rule 9(a) due to Faunce's eleven year delay in asserting his claims.
 
 
 4
 Under Rule 9(a), a district court may dismiss a habeas petition for delay upon a showing that: (1) the delay prejudiced the State's ability to respond to the petition; and (2) the petitioner failed to act with reasonable diligence in pursuing the claim. Rule 9(a), 28 U.S.C. foll. Sec. 2254; Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir. 1990), cert. denied, 503 U.S. 910 (1992). Prejudice can be found where the "delay in bringing a claim is accompanied by the inability of a witness to recall information necessary for the state to respond to the merits of the petition." Harris v. Pulley, 885 F.2d 1354, 1366 (9th Cir. 1988), cert. denied, 493 U.S. 1051 (1990).
 
 
 5
 Here, the state submitted evidence demonstrating that the prosecutor who appeared at the relevant hearing is now deceased and that Faunce's trial counsel and the prosecutor who tried the case have no independent recollection of the hearing or the facts surrounding the waiver. Thus, the state has made a sufficient showing that it has been prejudiced in its ability to respond to the petition due to Faunce's eleven year delay in asserting his claims. See id.
 
 
 6
 Once the state demonstrates delay-induced prejudice, the burden shifts to the petitioner to show that he exercised reasonable diligence in pursuing his claim. See id. at 1366-67. Faunce simply argues that he did not become aware of his claim until late 1992 when he learned of the existence of Cal. Penal Code section 859(b). He does not contend that he was unaware of the facts supporting his claim or that there has been a change in the law. Under these circumstances, Faunce failed to act with reasonable diligence. See Vasquez, 949 F.2d at 1511.
 
 
 7
 We have considered Faunce's challenges to the supporting supplemental declarations and find them to be without merit. See Rule 7(b), 28 U.S.C. foll. Sec. 2254. We have also considered Faunce's contention that the district court abused its discretion by not holding an evidentiary hearing and conclude that an evidentiary hearing was unnecessary because Faunce did not act with due diligence as a matter of law. See Rule 8(a), U.S.C. foll. Sec. 2254.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Faunce also asserted claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel in relation to the waiver