996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario Alberto DIAZ de LEON, Petitioner-Appellee,
v.
UNITED STATES of America, Respondent-Appellant
 No. 92-16312.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided June 29, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges and KELLEHER**, Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The United States appeals the district court's judgment granting Mario Alberto Diaz de Leon's motion under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 4
 In August 1990, a jury convicted Diaz de Leon of importing marijuana from Mexico into the United States, and possessing marijuana with intent to distribute. This court affirmed the convictions and sentence. United States v. Diaz de Leon, No. 90-10571, unpublished disposition (9th Cir. Feb. 27, 1992). In March 1992, Diaz de Leon filed a section 2255 motion to vacate his sentence on the ground that he received ineffective assistance of counsel at trial. After holding an evidentiary hearing, the district court granted the motion. This timely appeal followed.
 
 
 5
 To prevail on a claim of ineffective assistance, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls below the level of "reasonably effective assistance." Id. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 6
 Here, the primary issue at trial was whether Diaz de Leon knew that the truck he drove across the border contained marijuana. Diaz de Leon told border inspectors that he had borrowed the truck to go on a shopping trip in Nogales, Arizona, after which he planned to meet the truck's owner and two women to have dinner and seek entertainment. Diaz de Leon insisted that he did not know about the marijuana, which was concealed in the roof of a camper shell attached to the truck.
 
 
 7
 In closing argument, the prosecutor attempted to discredit Diaz de Leon's explanation that the purpose of his trip was to go shopping. The prosecutor first referred to inconsistencies in Diaz de Leon's statements to the border agents about the correct name of the truck's owner and Diaz de Leon's line of work. The prosecutor then drew the jury's attention to the testimony of one of the border agents that, when Diaz de Leon was arrested, he possessed only some pocket change. The prosecutor pointedly told the jury that this fact was important "because it demonstrates that what the defendant said is a lie." The prosecutor reiterated this point in his rebuttal. In fact, booking records demonstrated that Diaz de Leon had $20.50 in American currency and 100,000 Mexican pesos when he was arrested.[1]
 
 
 8
 The district court granted the section 2255 motion because it found that trial counsel's failure to present evidence to corroborate Diaz de Leon's alibi constituted ineffective assistance of counsel as defined in Strickland. See id. at 687. First, the district court ruled that trial counsel's admission "under oath that he was aware of the currency prior to trial and did not seek the documents which would have corroborated [Diaz de Leon's] alibi" constituted deficient performance. The district judge also explained that at both the hearing on the section 2255 motion and at a previous hearing on a motion under Fed.R.Crim.P. 33, "this Court stated that the documents were sufficiently relevant and compelling that their introduction at the time of trial would probably have changed the verdict."[2] Therefore, the district court ruled that Diaz de Leon had shown prejudice.
 
 
 9
 Having conducted a de novo review of the relevant portions of the record, we agree with the district court's findings that counsel's performance was deficient and that his errors probably affected the outcome of the trial. Accordingly, we affirm the district court's grant of Diaz de Leon's section 2255 motion on the ground of ineffective assistance of counsel.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 After trial, a new attorney was appointed to represent Diaz de Leon. This second attorney discovered the booking records
 
 
 [2]
 At the hearing on the Rule 33 motion, the district judge stated that the border agent's testimony that Diaz de Leon possessed only some change "was used very effectively by [the prosecutor]." When presented with the documents that showed the actual amount of money possessed by Diaz de Leon, the judge stated: "It is clear to me that it is the kind of evidence that could have had a substantial impact on the trial based on the way it was argued."