5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Paul TABARES, Defendant-Appellant.
 No. 91-55545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Tabares, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his guilty plea to four counts of unarmed bank robbery, in violation of 18 U.S.C. Sec. 2113(a). We have jurisdiction under 28 U.S.C. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Tabares appears to contend that the prosecutor's failure to disclose evidence of charges pending against Tabares in the Eastern District of California, was a violation of Brady v. Maryland, 373 U.S. 83 (1963), because these charges could have been subject to joinder with the Central District charges under Fed.R.Crim.P. 20. This contention lacks merit.
 
 
 4
 In Brady, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Lehman, 792 F.2d 899, 901 (9th Cir.1986). Suppression of Brady information requires reversal if there is a "reasonable probability that the evidence would have materially affected the verdict." Lehman, 792 F.2d at 901.
 
 
 5
 Here, the fact that there were pending Bank Robbery charges against Tabares in the Eastern District was not Brady information because it was not material to either guilt or punishment in this action. The Eastern District charges were not included in the indictment. As the district court held, "the indictment in the 1986 case in this court consisted of ten counts alleging bank robberies all in Los Angeles County." Further, Tabares was not constitutionally entitled to joinder under Rule 20 of the Eastern District charges with the Central District charges underlying this action. Rule 20 permits the transfer of charges pending in one district in which the defendant is located for purposes of entering a plea and sentencing.[1] See Fed.R.Crim.P. 20. Rule 20 is only available to a defendant upon consent of the government. See id. Therefore, this contention lacks merit.
 
 
 6
 Tabares next contends that he was denied the effective assistance of counsel at trial. This contention lacks merit.
 
 
 7
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 8
 Tabares claims that his counsel was ineffective because she did not "fully investigate Indictment and possible pending charges in the Eastern District of California." Because Tabares did not raise this issue in his 2255 motion it may not be raised on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990) (allegations of ineffective assistance of counsel not raised in section 2255 motion may not be raised for the first time on appeal). Tabares also claims that his attorney was ineffective because she failed to consolidate the Eastern District charges under a Rule 20 motion. Because Tabares cannot show that he was prejudiced by his attorney's failure to bring a Rule 20 motion, this claim also fails. See Strickland, 466 U.S. at 687.[2]
 
 
 9
 Finally, Tabares contends that the prosecutor breached the plea agreement by not causing the dismissal of the Eastern District charges. As the district court found, these charges were not part of the plea agreement and therefore there was no breach of the plea agreement on these facts. The district court's findings as to the existence and terms of a plea agreement is reviewed for clear error. United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988). Whether a plea agreement has been violated is a question of fact reviewed for clear error. See United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986). Because there is nothing in the record to suggest that the district court clearly erred its as to the terms of the plea agreement, we also affirm on this claim. See Sutton, 794 F.2d at 1423.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 20 provides, in pertinent part: "A defendant arrested, held, or present, in a district other than that in which the indictment or information is pending against the defendant may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which the defendant was arrested, held, or present, subject to the approval of the United States attorney for each district." Fed.R.Crim.P. 20
 
 
 [2]
 Tabares raised other claims of ineffective assistance below which were not raised on appeal. These claims are deemed waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)