9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joshua W. FENWICK, Defendant-Appellant.
 No. 93-15608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joshua Fenwick, a federal prisoner, appeals pro se the district court's summary denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for three counts of false declarations before a grand jury in violation of 18 U.S.C. § 1623. Fenwick contends that his counsel was ineffective. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. This court must indulge a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 4
 Fenwick contends that defense counsel should have moved to dismiss counts I and II of the indictment alleging false statements in violation of 18 U.S.C. § 1001. Specifically, Fenwick contends that § 1001 does not cover the situation alleged by the government; that is, that Fenwick made oral unsworn statements to federal agents investigating a criminal matter. Further, he contends that the indictment was fatally defective because it failed to allege that he actually made these statements to a federal agent. These contentions lack merit.
 
 
 5
 First, as the respondents point out, the statements made by Fenwick concerned matters that were clearly within the jurisdiction of the FBI, and subject to prosecution under § 1001.[1] See United States v. Rodgers, 466 U.S. 475, 476 & n. 1 (1984); 18 U.S.C. § 1001. Fenwick was charged with contacting the FBI and initiating a false crime report, a situation subject to prosecution under § 1001. See Rodgers, 466 U.S. at 476 & n. 1 (1984); 18 U.S.C. § 1001. Moreover, Fenwick was acquitted of counts I and II. Therefore, Fenwick cannot show prejudice arising from counsel's alleged error in failing to move to have these charges dismissed. See Strickland, 466 U.S. at 694. Accordingly, these claims of ineffective assistance of counsel fail. See id.
 
 
 6
 Fenwick next contends that counts III through VII of the indictment were impermissibly vague, and that his attorney thus should have moved to dismiss them. This contention lacks merit.
 
 
 7
 First, Fenwick was acquitted of count III, and this court reversed Fenwick's conviction on count IV in his direct appeal because the prosecutor made improper arguments with respect to this count. Therefore, Fenwick cannot show prejudice from his attorney's failure to move to dismiss these charges. See id. Second, as the respondents point out, the superseding indictment charged the offenses in the language of the applicable statutes. "An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all necessary elements to constitute the offense." United States v. Givens, 767 F.2d 574, 584 (9th Cir.), cert. denied, 106 S.Ct. 321 (1985). Thus, applying the strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance," Fenwick's attorney's failure to request dismissal of these counts did not constitute deficient performance. See Strickland, 466 U.S. at 687-89 (1984). Accordingly, this claim of ineffective assistance also fails. See id. at 689.
 
 
 8
 Fenwick also contends that his attorney should have called numerous witnesses. Because this court ruled in Fenwick's direct appeal that there was "more than sufficient evidence" for a reasonable jury to convict Fenwick on the three counts with which he was ultimately charged, (counts V through VII), see United States v. Fenwick, No. 91-10398, unpublished memorandum disposition (9th Cir. Nov. 23, 1992), he cannot show prejudice arising from this alleged error. See Strickland at 694. Because we do not find on this record that Fenwick suffered any prejudice from counsel's actions, we affirm the district court's summary denial of Fenwick's § 2255 motion. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 1001 provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device or a material fact, or makes any false, fictitious, or fraudulent statements or representation, or makes or uses any writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."