21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Clay HART, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 23, 1993.*
Decided March 21, 1994.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Clay Hart appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to withdraw his guilty plea and vacate his sentence. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Hart became a certified public accountant in 1959 and a licensed attorney in West Virginia in 1962. In 1965 he was appointed Assistant Attorney General of West Virginia and served as Counsel to the State Tax Commissioner. He later returned to private practice and worked on tax matters.
 
 
 4
 In 1981 Hart became a tax consultant in the wind energy industry. He helped establish and promote tax shelters in the form of limited partnerships designed to purchase and operate windmills and to function as wholesale producers and suppliers of electricity. The limited partnerships passed on tax credits and depreciation to each limited partner, who could claim the associated losses and credits on their individual income tax returns. As controller for two of these partnerships, Hart was charged with the allocation of the losses and credits to the limited partners and also with the preparation of the partnership tax returns.
 
 
 5
 Robert Brown invested $8,000 in one of Hart's partnerships. Although he knew Brown did not invest until April 1985, Hart assured Brown he could claim tax deductions for 1984. Hart provided Brown a calculation showing that the investment would result in a 1984 tax loss of $13,509 and a tax credit of $25,732. Brown claimed these items in his 1984 tax return. Brown also claimed deductions in 1985 and 1986 based on schedule K-1s provided by Hart.
 
 
 6
 Hart, who was responsible for insuring that the windmills were in place and operational in time to claim the tax deductions, admitted that no windmills were ever put in place.
 
 
 7
 On October 12, 1990, Hart pleaded guilty to one count of willfully aiding or assisting in the preparation of a false tax return in violation of 26 U.S.C. Sec. 7206(2). In exchange the government dropped twenty-eight similar counts. On January 22, 1991, the district court sentenced Hart to eighteen months imprisonment.
 
 
 8
 On January 3, 1992, Hart filed a motion to withdraw his guilty plea and vacate his sentence. The district court denied the motion on June 24, 1992, and Hart timely appealed.
 
 II.
 STANDARD OF REVIEW
 
 9
 We have jurisdiction under 28 U.S.C. Secs. 1291 and 2255. We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 III.
 DISCUSSION
 
 10
 Hart contends his guilty plea must be withdrawn because (1) it was involuntary and unknowing, (2) the court lacked a sufficient factual basis for the plea, (3) he received ineffective assistance of counsel, and (4) the prosecutor engaged in misconduct.
 
 
 11
 A. Hart claims that his guilty plea was unknowing and involuntary because he misunderstood the charge against him. Specifically, he argues that, at the time of the plea, he mistakenly thought that the Internal Revenue Service (IRS) had concluded that the partnership and Brown returns were in fact false. Hart asserts that 26 U.S.C. Sec. 7206(2)--aiding and assisting in the filing of a false income tax return--requires an IRS finding that the subject returns were false. Had he known that no IRS finding was made, he would have pleaded not guilty.
 
 
 12
 Nowhere does section 7206(2) require an IRS determination of falsity. See 26 U.S.C. Sec. 7206(2). The government need only show that a tax return is false as to a material matter. United States v. Dahlstrom, 713 F.2d 1423, 1426 (9th Cir.1983), cert. denied, 466 U.S. 980 (1984). Accordingly, the question here is whether Hart understood that the crime required a materially false tax return.
 
 
 13
 Before accepting a guilty plea, the district court must openly address the defendant in court to determine that the defendant comprehends the nature of the charges against him. Fed.R.Crim.P. 11(c)(1). Our review of the district court's decision is limited to the record of the plea hearing. United States v. Kamer, 781 F.2d 1380, 1383-84 (9th Cir.), cert. denied, 479 U.S. 819 (1986). The nature of the district court's inquiry depends upon the facts of the case, the complexity of the charges, whether the defendant was represented by counsel, and the defendant's age, education, and intelligence. Id. at 1384.
 
 
 14
 The plea hearing record demonstrates that Hart understood the charge against him. The district court addressed Hart in open court. An experienced tax attorney and CPA, Hart stated that he read and understood the information, that he understood the charge against him, and that he knew of no defense. He admitted his failure to insure that the windmills were operable in the years relating to the tax credits taken. He admitted that his actions deprived the government of tax revenue. Hart's counsel said that he had discussed the charge with Hart and that Hart understood it. Therefore, Hart's plea was knowing.
 
 
 15
 We also reject Hart's contention that his plea was involuntary because he misconstrued section 7206. Although a defendant's misunderstanding of the charges may render his plea constitutionally involuntary, United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992), no such misunderstanding was present here. B. Hart further avers that the district court lacked a sufficient factual basis for his plea. In particular, he claims the court lacked a factual basis for the falsity of the returns.
 
 
 16
 Federal Rule of Criminal Procedure 11 requires the district court to inquire into the factual basis for the plea before accepting it. Fed.R.Crim.P. 11(f). To establish a factual basis, a court may consider all evidence before it at the time of judgment, including the presentence report. See Burton v. United States, 483 F.2d 1182, 1188-9, 1190 (9th Cir.1973).
 
 
 17
 Here, the presentence report outlined Hart's participation in a sophisticated scheme to sell interests in wind energy limited partnerships despite his knowledge that no windmills existed. The report also shows that Hart told Brown he could record tax losses and credits in 1984 despite knowing that Brown did not invest in the shelter until April 1985. In the report and at his plea hearing, Hart acknowledged that he was aware of tax improprieties and that he failed to take steps to remedy them. At sentencing, Hart's attorney conceded Hart prepared a false schedule K-1. These facts established an adequate basis for the falsity of the returns.[1]
 
 
 18
 Because the district court fully complied with Rule 11, we affirm its denial of Hart's motion to withdraw his guilty plea.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hart's remaining claims of ineffective assistance of counsel and prosecutorial misconduct, based upon the same contentions alleged above, are meritless and need not be discussed here