29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen George KIBA; Kathleen Rebecca Kiba, Petitioners-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55986.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen and Kathleen Kiba ("the Kibas") appeal pro se the district court's denial of their 28 U.S.C. Sec. 2255 motion. The Kibas contend that the United States lacked jurisdiction to prosecute them for conspiracy to manufacture and possess methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Specifically, they contend that the United States lacked territorial jurisdiction to prosecute them for crimes committed in California. Further, the Kibas assert that the indictment did not allege facts establishing jurisdiction. We review the denial of a Sec. 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 The district court properly denied the Kibas' Sec. 2255 motion because their contention is frivolous. Federal courts have exclusive jurisdiction over offenses against the laws of the United States pursuant to 18 U.S.C. Sec. 3231. United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993); 18 U.S.C. Sec. 3231. In the case of a federal law being violated, a federal court does not need the permission of the state where the offender committed his or her crime. Sitton, 968 F.2d at 953. The Kibas committed their crime against the United States while in the United States. Further, the indictment clearly alleged that offense was committed in the Southern District of California and specifically in San Diego. Accordingly, the Kibas' contention that the United States lacked jurisdiction to arrest, try, or convict them lacks merit. See id.; 18 U.S.C. Sec. 3231.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We will not entertain a petition for rehearing in this appeal because the petitioners' arguments are frivolous. The mandate will issue forthwith