34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel MORA-MORA, Defendant-Appellant.
 No. 93-56536.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.[1]
Decided Aug. 29, 1994.
 
 1
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE, Senior District Judge.[2]
 
 MEMORANDUM[3]
 
 2
 Joel Mora-Mora, a former federal prisoner, appeals pro se the district court's order denying his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence.
 
 
 3
 In this, his second motion under Sec. 2255, Mora-Mora contends that: (1) he received ineffective assistance of counsel; and (2) his guilty plea was involuntary because he lacked effective assistance of counsel and because neither his counsel nor the court warned him that he might be sentenced under the Sentencing Guidelines.
 
 
 4
 In December, 1988, Mora-Mora pled guilty to a drug charge during the period in which this court deemed the Federal Sentencing Guidelines to be unconstitutional. See Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245, 1265-66 (9th Cir.1988) (vacated and remanded on Jan. 23, 1989, sub nom United States v. Chavez-Sanchez, 488 U.S. 1036 (1989)). Prior to accepting his plea, the district court ensured that Mora-Mora understood the maximum possible statutory penalty.
 
 
 5
 On January 18, 1989, after Mora-Mora's plea but before his sentencing, the Supreme Court upheld the constitutionality of the guidelines. See Mistretta v. United States, 488 U.S. 361 (1989). Mora-Mora was sentenced under the guidelines to the maximum statutory penalty, which was a downward departure from his Sentencing Guideline range. Mora-Mora completed his term of imprisonment and was deported in July, 1993.
 
 
 6
 Because Mora-Mora has completed his term of imprisonment and is no longer under the supervision of federal officials, the Court denies his petition as moot insofar as it attacks the validity of his sentence. See Lane v. Williams, 455 U.S. 624, 632 (1982) (Sec. 2255 motion becomes moot when prisoner is released from custody prior to court consideration of merits); Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990) (Sec. 2255 motion becomes moot upon prisoner's release from custody unless motion demonstrates adverse collateral consequences from challenged sentence or conviction). However, insofar as his motion challenges his conviction, it is not moot because a felony conviction has clear collateral consequences, such as interfering with one's ability to obtain certain kinds of employment. See Lane, 455 U.S. at 632-34.
 
 
 7
 The denial of a 28 U.S.C. Sec. 2255 motion is reviewed de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). A claim of ineffective assistance of counsel is a mixed question of law and fact which is reviewed de novo. Id. The voluntariness of a guilty plea is a question of law not subject to deferential review, but underlying determinations of fact are reviewed for clear error. Isea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986).
 
 
 8
 Mora-Mora claims ineffective assistance of counsel in that, among other things, his lawyer did not warn him that he might be sentenced under the guidelines. Mora-Mora argues that his plea was involuntary because he lacked effective counsel and because the district court failed to warn him that he might be sentenced under the guidelines. The heart of Mora-Mora's challenge is that his plea was involuntary because he did not know that he might be sentenced under the Sentencing Guidelines. This contention is unavailing because the judge did warn him, and Mora-Mora stated that he understood, that he faced a maximum term of imprisonment of five years--the term to which he was ultimately sentenced. Mora-Mora knew and understood the consequences of his plea.
 
 
 9
 Because we find that the failure of Mora-Mora's counsel to advise him of the possibility of being sentenced under the Sentencing Guidelines did not constitute ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-89 (1983), and because we find that his plea was voluntary under the standard set forth in Hill v. Lockhart, 474 U.S. 52, 56 (1985), the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 [2]
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [3]
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3