145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
DONNIE HARRIS, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
TREMAYNE JOHNSON, Defendant-Appellant.
 Nos. 97-30216, 97-30222.
D.C. No. CR-96-00062-BLW.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20,1998**.
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Idaho, B. Lynn Winmill, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these two companion appeals following a jury trial, Donnie Harris appeals from his conviction for participating in making a false statement in the purchase of a firearm, in violation of 18 U.S .C. §§ 922(a)(6), 2, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Tremayne Johnson appeals from his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 No. 97-30222
 
 3
 Johnson contends that there was insufficient evidence to establish his possession of a gun in count 15. Because counsel failed to properly preserve the issue below, we review only to prevent a "manifest miscarriage of justice." See United States v.. Smith, 924 F.2d 889, 893-894 (9th Cir.1991) (internal quotations omitted).[1]
 
 
 4
 Not only did Johnson have access to the guns in the closet, he also was identified, through his clothing and build, as the person who discharged a weapon outside the residence. Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found that Johnson possessed the gun he was alleged to have fired outside Harris' residence. See Huffhines, 967 F.2d 314, 319-20 (9th Cir.1992). Accordingly, no miscarriage of justice occurred. See Smith, 924 F.2d at 894.
 
 
 5
 Johnson next contends that the district court erred by enhancing his sentence by one level for possession of three to four firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(A). This contention lacks merit.
 
 
 6
 The evidence presented at trial showed that Johnson: (1) had fired at least one of the firearms held in the closet; (2) had access to the keys to that closet; (3) had previously possessed a gun purchased by co-defendant Harris; and (4) was regularly at the residence. In relying on this evidence to support the enhancement at sentencing, the government established constructive possession by a preponderance of the evidence. See United States v. Cazares, 112 F.3d 1244-45 (9th Cir.1997) (noting that although burden of proof at sentencing is different, the legal principle underlying cases regarding constructive possession is the same); see also Huffhines, 967 F.2d at 319-20 (evidence that defendant had dominion and control over gun found in motel room sufficient to establish constructive possession); United States v. Terry, 911 F.2d 272 (9th Cir.1990) (knowledge of gun's location and unhindered access to it sufficient to establish constructive possession).
 
 
 7
 AFFIRMED.
 
 No. 97-30216
 
 8
 Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Harris' counsel filed a brief stating he finds no meritorious issues for review. Counsel has identified the following potential issue: whether there was sufficient admissible evidence that Harris had been previously convicted of a felony. Defense counsel at trial had objected to the admission of the certified copy of the judgment of conviction from Georgia. However, the certified copy of the judgment, coupled with the probation officer's identifications, was more than sufficient to establish Harris' prior conviction. See Huffhines, 967 F.2d at 320 (9th Cir.1992).
 
 
 9
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no issue for review. Accordingly, counsel is relieved as Harris, appointed counsel of record and the district court's judgment is
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record shows that while defense counsel indicated to the court that she intended to make a motion for judgment of acquittal at the end of the case, she never did so
 
 
 [2]
 In his opening brief, counsel indicates he does not wish to withdraw as counsel of record as he wishes to pursue potentially meritorious issues under 28 U.S.C. § 2255. However, because he has filed a brief pursuant to Anders, and finds no meritorious issues on direct appeal, he should have filed a motion to withdraw as counsel of record. See Anders, 386 U.S. at 744. Should Harris seek to file a section 2255 motion in district court, he can move for appointment of counsel at that time. See United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990) (no automatic right to counsel in section 2255 proceedings)